FILED
OCT 02 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

No. 06 CR 799

| | | |
|---|---|---|
| USA | § | U.S. District Court |
| v. | § | Northern District |
| Kline | § | ILLINOIS |

## Motion to Reduce Sentence

To the District Court:

Comes Huston Kline, Defendant/Movant in the above-numbered and styled cause, Pursuant to USC § 3582(c)(1)(A), Moving the Court to Modify His Sentence due to Extraordinary and Compelling Reasons Related To the Pandemic "COVID-19".

### 1. Background

Defendant/Movant Kline (hereafter "Kline") is serving a 240-month term of imprisonment and a lifetime of supervised Release out of this Court, For violating 18 USC § 2422(B). Kline has served more than fifty percent of his term of imprisonment to the tune of about Fourteen (14) years.

Kline is currently held at USP Marion where he has been for most of his incarceration.

## I. Background

On 31 July 2020 Kline sent a written request to the Warden requesting that he be considered for a reduction in his term of imprisonment due to extraordinary and compelling reasons. Kline said his health issues and the spread of COVID-19 through the facility constituted compelling reasons to modify his sentence.

The Warden did not respond.

## II. Relevant Law

On 21 Dec. 2018 Congress enacted the First Step Act which, among other things, amended 18 USC §3582(c)(1)(A) to permit courts to "consider motions by defendants for compassionate release without a motion" by the Bureau of Prisons (hereafter "BOP") Director "so long as the defendant has asked the Director to bring such a motion and the Director fails or refuses." United States v. Beck, 2019 U.S. Dist. LEXIS 108542, at *5 (M.D. N.C. June 28, 2019).

## II. Relevant Law

The Compassionate Relief analysis under §3582(c) requires the Court to examine the following factors in determining whether the proposed sentence reduction is warranted:

"(1) 'extraordinary and compelling reasons'; (2) 'applicable policy statements issued by the Sentencing Commission'; and (3) 'the factors set forth in 18 USC §3553(a)'." United States v. Willis, 382 F.Supp. 3d 1185, 1187 (D.N.M. 2019) (quoting 18 USC §3582(c)(1)(A)(i)). (See also United States v. Adams, 2019 U.S. Dist. LEXIS 133428, at *4 (M.D.N.C. Aug. 08, 2019)).

### A. Extraordinary and Compelling Reasons

Kline has underlying medical conditions that the Centers for Disease Control and Prevention (hereafter "CDC") have identified as "comorbidity" factors which increase a person's vulnerability to contracting, and developing complications due to, COVID-19.

Specifically, Kline has hypertension related to his weight

II. Relevant Law

A. Extraordinary and Compelling Reasons

(cont'd) and Body Mass Index (hereafter "BMI").

And while hypertension alone is not a "sufficiently 'extraordinary or compelling' [reason] such that compassionate release is necessary," (see United States v. Benzer, 2020 WL 3172993, at *2 (D. Nev. June 15, 2020), Subdivision (D) of the United States Sentencing Guidelines (hereafter "U.S.S.G.") §1B1.13 cmt. n.1 allows for "Other Reasons".

Specifically, if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" Id. §1B.13 cmt. 1

So, 'other reasons', other than hypertension (or in combination with other reasons), are to be considered. See United States v. Reyes, 2020 U.S. Dist. LEXIS 58894 at *4 (N.D. Ill. Apr. 03, 2020).

Further, the CDC (Centers For Disease Control) lists hypertension as an illness that increases the risk of complications associated with COVID-19. See People with Certain Conditions CDC (9/18/2020).

## II. Relevant Law

### B. Independent Assessment of Reasons

The Court has broad discretion in determining what constitutes an extraordinary and compelling circumstance. United States v. Reyes, 2020 U.S. Dist. LEXIS 58894 (N.D. Ill. April 03, 2020), at *5 ("Indeed, the guidelines place only the restriction that 'Rehabilitation alone is Not, by itself, an extraordinary and compelling reasons for purposes of this policy statement.") USSG. §1B1.13 cmt. n.3.

And while the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a reduction. United States v. Beck, 2020 WL 2716505, at *6 (M.D.N.C. June 28, 2019).

## III. Argument

In this case, Kline has comorbidity factors which the CDC has the CDC has recognized as conditions constituting important risk factors for SARS-CoV-2 infection." Doe v. Barr, 2020 U.S. Dist. LEXIS 64459, at *5 (N.D. Cal. April 12, 2020).

III. ARGUMENT

The statutes call for release in combination with a Petitioner's medical reasons and 'other reasons' that create extraordinary and compelling circumstances. Miller v. United States, 2020 U.S. Dist. LEXIS 62421, at *3 (E.D. Mich. Apr. 9, 2020) (citing USSG §1B1.13 cmt. n. 1).

The heightened susceptibility of prison populations to the virus is an additional reason under the Sentencing Commission Guidelines for the release of medically vulnerable inmates. Id.

On 23 March 2020 the CDC acknowledged that correctional facilities "present unique challenges for control of COVID-19 transmission among incarcerated detained persons..." U.S. v. Kennedy, 2020 U.S. Dist. LEXIS 53359, at *2 (E.D. Mich. Mar. 27, 2020).

At USP Marion COVID-19 has run rampant. More than 150 active cases and two (2) deaths have occurred. This is because of the reckless management by Marion staff. Staff members bring the virus in and the staff spreads it. Despite rhetorical claims on the BOP website hand sanitizer has not been available to inmates since the

### III. Argument

Modified Operations at USP Marion began on 13 March 2020.

Inmates contracting COVID-19 at Marion are placed in a quarantine unit with other COVID-19 inmates. No 'treatment' is given. Only when the inmate struggles to breathe is he hospitalized. Once he recovers the inmate is placed back into general population, where he can spread the virus, as he is still a carrier.

Unicor is still under full operation. Inmates mingle in large groups. 'Social distancing' and masks are N O T enforced. Testing is only conducted on inmates reporting symptoms; so there's no way to tell just how many cases of COVID-19 are at USP Marion. And despite the narrative advanced on the BOP website, staff at USP are reckless in their response to the virus.

Kline's medical conditions make him particulary vulnernable to contracting and developing complications from COVID-19. USP Marion can't keep the virus from entering the facility and then does not manage the crisis properly once the virus is introduced.

### III. Argument

Kline has served almost fourteen years of a twenty (20)-year sentence already. Kline's projected release date is 11-15-23. To release him now, two (2) years early, would not undermine the interests of justice significantly, or create a danger to the community.

### IV. Conclusion

Wherefore, premises considered, Kline requests consideration for release from confinement, due to extraordinary & compelling circumstances.

Respectfully Requested,

*Hutson Kline*
Hutson Kline
#19071-424
P O Box 1000
Marion IL 62959

14 September 2020

### Declaration

I declare under penalty of perjury that the foregoing facts are true & correct.

*Hutson Kline*

Kline, Huston #19071-424
United States Penitentiary
P O Box 1000
Marion, IL 62959

Clerk, U.S. District Court
219 S. Dearborn St. 20TH FL
Chicago, IL 60604